NOT DESIGNATED FOR PUBLICATION

No. 121,910

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MARCUS L. WILSON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; ERIC WILLIAMS, judges. Opinion filed November 6, 2020. Appeal dismissed.

*Kristen B. Patty*, of Wichita, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., MALONE, J., and WALKER, S.J.

PER CURIAM: Marcus L. Wilson appeals the district court's decision revoking his probation in this misdemeanor case. Wilson asserts a somewhat unconventional claim that the district court erred in revoking his probation because the record reflects there was no probation imposed by the court that it could later revoke. In response, the State mainly contends that this appeal is moot because Wilson has completely served his sentence. Because the record reflects that Wilson has completely served his sentence and this appeal is ineffectual for any purpose, we dismiss the appeal as moot.

1

We will briefly review the facts and procedural background of Wilson's case. On August 31, 2018, the State charged Wilson with aggravated domestic battery under Sedgwick County case No. 18CR2394. When he committed the offense, Wilson was on probation in a prior felony case in Sedgwick County case No. 16CR2520.

On October 2, 2018, the district court held a joint probation violation hearing in the 2016 case and plea hearing in the new case. At the hearing, Wilson pled guilty to an amended charge of misdemeanor domestic battery. The district judge proceeded directly to sentencing and stated, "I've got the journal entry, which is a Class B misdemeanor. Mr. Wilson, I will simply sign this journal entry and that will then be the judgment of the Court in that case. . . . The parties agree to a six-month sentence and court costs." The district court did not explicitly grant Wilson probation at the hearing, but the journal entry stated: "Probation for 1 year on same conditions [as 16CR2520]."

The district court then found that based on Wilson's plea to domestic battery and his admission to two other violations, Wilson had violated the terms of his probation in his 2016 felony case. The district court extended Wilson's probation and imposed a 180-day sanction to "allow Mr. Wilson to show the Court that he can complete probation and comply with the terms and also with the probation in the [instant] misdemeanor case."

On May 15, 2019, the district court issued a warrant for Wilson's arrest, alleging he violated the terms of his probation by testing positive for tetrahydrocannabinol (THC), committing the offense of domestic battery, and failing to begin drug and alcohol treatment as directed. On June 26, 2019, the district court issued another warrant alleging Wilson violated his probation by again testing positive for THC.

On July 24, 2019, the district court held a joint probation violation hearing in each case. The State dismissed the second alleged violation, that Wilson committed domestic violence, because it could not locate the victim. It also clarified that the June 2019 warrant was correcting the date of the positive THC test, it was not a separate violation. Thus, the State proceeded on the allegations that Wilson had one positive test for THC and he failed to begin drug and alcohol treatment. Chad Edwards, Wilson's supervision officer, testified about Wilson's positive test for THC, and the State offered the laboratory results into evidence. Edwards also testified that after the positive test for THC, he instructed Wilson to begin drug and alcohol treatment, but Wilson failed to do so.

After hearing the evidence, the district court found Wilson had violated his probation. The district court revoked Wilson's probation and ordered him to serve the original sentence in each case, but the district court ordered that Wilson's 6-month jail sentence in 18CR2394 shall run concurrent with his 75-month prison sentence in the 2016 felony case. Wilson timely appealed his probation revocation in each case, but the cases were not consolidated on appeal. Wilson's 2016 felony case is the subject of a separate appeal before this court in case No. 121,729.

Finally, on June 18, 2020, the State filed a notice of change in custodial status under Supreme Court Rule 2.042 (2020 Kan. S. Ct. R. 18), asserting that Wilson completed serving his sentence in 18CR2394. Attached to the notice is a copy of a letter from the Sedgwick County Sheriff's Office, dated June 10, 2020, confirming that according to its records "Wilson completed his sentence for case 18CR2394."

ANALYSIS

On appeal, Wilson argues his sentence is illegal because the district court did not pronounce from the bench that it was placing Wilson on probation and instead only pronounced a total sentence of six months. Wilson argues that because the sentence

3

pronounced from the bench controls over any notation in the journal entry, the district court erred in revoking his probation because the record reflects there was no probation imposed by the court that it could later revoke. Instead, Wilson contends that the "orally-pronounced sentence of . . . '6 months and costs' controls."

The State argues that Wilson's appeal is moot because he has served his entire six-month sentence. The State also points out that if Wilson is seeking to have the six-month pronouncement from the bench to be his sentence instead of probation, then he has already obtained the relief he requests. Wilson has filed no reply brief disputing the State's claim that the appeal is moot because Wilson has completely served his sentence.

We will focus on the State's mootness claim. As a general rule, Kansas appellate courts do not decide moot questions or render advisory opinions. *State v. Montgomery*, 295 Kan. 837, 840, 286 P.3d 866 (2012). The mootness doctrine is one of court policy, under which the court is to "'determine real controversies relative to the legal rights of persons and properties which are actually involved in the particular case properly brought before it and to adjudicate those rights in such manner that the determination will be operative, final, and conclusive.'" 295 Kan. at 840. An issue is moot if "'it is clearly and convincingly shown the actual controversy has ended, the only judgment that could be entered would be ineffectual for any purpose, and it would not impact any of the parties' rights.'" 295 Kan. at 840-41. Because mootness is a doctrine of court policy, appellate review is unlimited. *State v. Hilton*, 295 Kan. 845, 849, 286 P.3d 871 (2012).

The State, as the party asserting mootness, bears the burden of establishing a prima facie showing of mootness, which can be done by showing the defendant has "fully completed the terms and conditions of his or her sentence." See *State v. Roat*, 311 Kan. 581, 593, 466 P.3d 439 (2020). But the Kansas Supreme Court disavowed "a 'bright line' test, such as one that renders a sentencing appeal necessarily moot if the sentence is completed." 311 Kan. at 592. Instead, "a determination of mootness must . . . include

4

analysis of whether an appellate judgment on the merits would have meaningful consequences for any purpose, including future implications." 311 Kan. at 592-93. The appellant bears the burden to demonstrate a meaningful interest that would be impaired by dismissal or that an exception to the mootness doctrine applies. 311 Kan. at 593.

Our record conclusively shows that Wilson has served his sentence. First, the State complied with Supreme Court Rule 2.042 by filing a notice of change in custodial status asserting that Wilson has completed serving his sentence. Attached to the notice is a copy of a letter from the Sedgwick County Sheriff's Office, dated June 10, 2020, confirming that according to its records Wilson has completed his sentence in 18CR2394.

More importantly, our record shows that at the joint probation revocation hearing more than a year ago on July 24, 2019, the district court revoked Wilson's probation and ordered him to serve his 6-month jail sentence concurrent with his 75-month prison sentence in 16CR2520. We also take judicial notice that the revocation of Wilson's felony probation in 16CR2520 was affirmed by this court in a memorandum opinion filed on August 28, 2020. See *State v. Wilson*, No. 121,729, 2020 WL 5083545 (Kan. App. 2020) (unpublished opinion), *petition for rev. filed* September 24, 2020. Thus, Wilson has been incarcerated since July 24, 2019, and he has clearly served his six-month concurrent jail sentence that the district court executed on that date.

Wilson does not dispute the State's assertion that he has completed serving his sentence in this case. Of course, a defendant's release from custody does not always establish mootness in a sentencing appeal. We must also look to other factors to determine whether judgment would be ineffectual for any purpose including future impact on the rights of the parties. See *Roat*, 311 Kan. at 593. But here, Wilson fails to assert any meaningful interest that would be impaired by dismissal or that an exception to the mootness doctrine applies. Further, he has already received the relief he requests. Wilson asks this court find that "the orally-pronounced sentence of . . . '6 months and

5

costs' controls" and to reverse the imposition of probation because probation was never lawfully imposed. But even assuming his argument has merit, the district court removed Wilson from probation and imposed the six-month sentence. Thus, Wilson received and served the six-month sentence he seeks to have control. In sum, Wilson's appeal is moot because he has served his sentence, he advances no meaningful interest that would be impaired by dismissal, and he already received the relief he requests.

Appeal dismissed.